ARMOUR LEGAL, LLC.
Matthew W. Bartz (SBN#024972)
3317 S. Higley Rd. Suite 114-444
Gilbert, AZ 85297
Telephone: 602-550-8919
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Victor Alfonso Apodaca Aguilar,<br><br>Defendant. | Case No.: 2:23-cr-00510-DLR<br><br>DEFENDANT'S SENTENCING MEMORANDUM WITH OBJECTIONS TO PSR GUIDELINE CALCULATION; MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR DOWNWARD VARIANCE |

Defendant, Victor Alfonso Apodaca Aguilar, by and through counsel, submits the following as his Sentencing Memorandum pursuant to 18 U.S.C. §3553 and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558 (2007).   Mr. Apodaca asks this Court to follow the terms of the plea agreement, grant his objection to the PSR Guideline Calculations; however, if

denied, he request a downward variance, and sentence him to 6-12 months in the Bureau of Prison, followed by 3 years of supervised release, with all other conditions as recommended in the Presentence Investigation Report.   The following Memorandum of Points and Authorities is attached in support of this request.

RESPECTFULLY SUBMITTED this  14th  Day of November, 2023.


/s/ *Matthew W. Bartz*
Attorney for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S SENTENCING MEMORANDUM

**I.    Facts**

Victor Apodaca was arrested at a residence with his two co-defendant's: Hector Alvarado-Aboyte and Jose Vega-Ruiz.  During a search of the residence and interrogation of all three defendants it was determined that Victor Apodaca had a private bedroom in the residence while his co-defendants shared a bedroom.

In the co-defendant's bedroom, an AR-15 style rifle with no make, model or serial number, a high capacity (30 round) magazine and 47 rounds of 5.56 ammunitions was recovered, as well as a .45 caliber pistol and some pistol ammunition.  *See PSR, Paragraph 8 and United State's Response to Defendant's Objections to the PSR, Doc 62, Page 2, lines 19-26.*

In Victor Apodaca's bedroom, no firearms and no ammunition was recovered.

In an unclaimed and unoccupied bedroom were found three pistols, a .40 Springfield, a 9mm Beretta, and a 9mm Taurus.  *See PSR, Paragraph 9.*

In the living room was found 8 rounds of .45 caliber ammunition and a .45 caliber magazine.  *See PSR, Paragraph 10.*

During interviews of Victor Apodaca, he admitted that the small Taurus 9mm pistol belonged to him and denied possession and ownership of all other

firearms.  *See Exhibit A, photo of the Taurus.*  During interviews of the co-defendant's they admitted to ownership and possession of all other firearms recovered.

Agents reviewed photos found on the cell phone of co-defendant Jose Vega-Ruiz.  In the photos are images of both Jose Vega-Ruiz and Hector Alvarado-Aboyte holding the AR-15 rifle with a 30 round magazine inserted.  *See Exhibits B, C, D, photos of the co-defendants with the AR-15.*  Conspicuously absent are any photos of Victor Apodaca holding that AR-15.  In fact, Victor Apodaca is only featured in one photo, and in his waistband is the 9mm Taurus that he claimed ownership of, while one of his co-defendants is holding the AR-15.  *See Exhibit E.*

Paragraph 15 of the PSR, incorrectly states that each defendant is deemed responsible for the five firearms found in the residence, including the AR-15.

Paragraph 20 of the PSR, incorrectly establishes a Base Level of 20 for Victor Apodaca.  While a base level of 20 is likely appropriate for both the co-defendants that shared the bedroom where the AR-15 was located and are both featured in photos holding the AR-15 inside of the same residence, that enhancement is completely inappropriate for Victor Apodaca who had a private bedroom without any firearms inside it, who is not seen holding the AR-15 in any of the photos, and who did not have constructive possession of the AR-15 as it was in a private bedroom belonging to the other co-defendants in the case.

Paragraph 21 of the PSR, incorrectly applies a 2 level enhancement to Victor Apodaca by alleging that he possessed more than 3 but less than seven firearms. Based on the facts of the case, Mr. Apodaca owned 1 of the firearms and it could be argued that he had constructive possession of the 2 other firearms that were found with his in the unoccupied and unclaimed bedroom (a common room).

## OBJECTION TO PARAGRAPHS 15, 20 AND 21.

As is outlined above in the Factual Background, Mr. Apodaca did not have ownership, nor actual possession, nor constructive possession of the AR-15 and .45 caliber pistol recovered in the bedroom shared by Hector Alvarado-Aboyte and Jose Vega-Ruiz.  The PSR incorrectly states that all defendants had possession of all five firearms when the facts clearly shows that is not true for Mr. Apodaca. This may have simply been an oversight by incorrectly treating the private bedroom of the co-defendant's a common room and not as a private space.

There is a lack of evidence to establish a nexus between the weapons found in the bedroom of the co-defendants and Victor Apodaca.

Two of the five weapons recovered were found in a private bedroom shared by Hector Alvarado-Aboyte and Jose Vega-Ruiz.  Those weapons were a .45 caliber pistol and an AR-15 rifle with a high capacity magazine and ammunition. Mr. Apodaca denied ownership and possession of those weapons during his interview and only accepted ownership of a 9mm Taurus pistol.  It is credible that

Mr. Apodaca did not own or possess the AR-15 or .45 caliber pistol because he is never seen holding either of those firearms in the photos recovered from the co-defendant's phone. In the only photo of Mr. Apodaca, he is seen in possession of his 9mm Taurus pistol.

Conclusion:

The Court should adjust Paragraph 20 of the PSR to reflect a Base Offense Level of 12 for Victor Apodaca.

The Court should not add the 2 level enhancement requested in Paragraph 21 of the PSR, and Victor Apodaca did not have constructive or actual possession of more than 3 firearms.

The Court should apply a 2 level reduction for acceptance of responsibility as recommended in Paragraph 27 of the PSR.

This should result in a new Total Offense Level of 10 for Victor Apodaca Aguilar. With a Criminal History Category 1, the new recommended guideline range should be 6—12 months.

**II.     Sentencing Recommendation**

At this point, Mr. Apodaca seeks the assistance and mercy of the Court. As the Court can see from his Personal and Family Data in the PSR, Mr. Apodaca has lived an incredibly difficult life. His mother died of lukemia when he was only 3 years old and he does not remember her. His father abandoned him when he was 8 years old and began a new family with a new woman. He began working when he

was only 12 years old to help support his siblings and his grandmother.  In spite of the harm his father caused him, he mainted a decent relationship with his father and even help him recently go to addiction recovery.  He regrets what he did and just wants to return to his family where he plans to work in construction.

As the Court knows, the goal of sentencing is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553 which states:

18 U.S.C. §  3553.  Imposition of a sentence

(a) Factors to be considered in imposing a sentence.  The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)        the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

We submit that a sentence of 6—12 months in the Bureau of Pisons with 3 years of supervised release is sufficient, but not greater than necessary to accomplish the statutory goals of sentencing pursuant to 18 U.S.C. 3553(a).

Mr. Apodaca takes full responsibility for his actions. Given the totality of the circumstances, a sentence of 6—12 months in the Bureau of Prisons with 3 years of supervised release to ensure he does not return to the United States adequately punishes Mr. Apodaca for this offense. In the event that the Court denies the objections to the calculations of the PSR, Mr. Apodaca request the Court grant a variance that allows him to be sentenced to 6—12 months in the Bureau of Prisons with 3 years of supervised release. The Government has indicated that they intend to seek 18 months incarceration for all three defendants. However, there is a valid reason to consider a term of 6—12 months for Mr. Apodaca because he never physically possessed, nor had legal access to the same weapons as his two co-defendants.

In sentencing Mr. Apodaca, the Court should also consider: (A) this is his first felony offense (B) his motivation for committing the crime was not for financial gain, (C) he is young at only 22 years old (D) almost all of his family ties are in Mexico and there is no reason to believe he will return to the United States after deportation, (E) he has demonstrated a strong sense of remorse.

## III.    Conclusion

Given the circumstances in this case, and the unusually high number of reasons for the Court to grant a variance, Mr. Apodaca humbly requests the court

consider a sentence of 6—12 months in the Bureau of Prisons, followed by 3 years

of supervised release.


RESPECTFULLY SUBMITTED this __14th__ Day of November, 2023.


ARMOUR LEGAL, L.L.C.


/s/ *Matthew W. Bartz*
Attorney for Defendan


I hereby certify that on November 14, 2023:

I electronically transmitted the attached
document to the Clerk's Office using the
CM/ECF system for filing and transmittal
of a Notice of Electronic Filing to the following
CM/ECT registrants:

Honorable Douglas L. Rayes and
Lisa Jennings, Assistant U.S. Attorney

Courtesy copy of draft order e-mailed to:

Honorable Douglas L. Rayes
Rayes_chambers@azd.uscourts.gov

Lisa Jennings Assistant U.S. Attorney
Lisa.Jennings@usdoj.gov

Tiffany Turner, U.S. Probation Officer
Tiffany_Turner@azd.uscourts.gov


By: _/s/Matthew W. Bartz